**Devon VIRGO, Plaintiff–Appellant,**

v.

**UNITED STATES CUSTOMS SERVICE, Defendant–Appellee.**

**No. 04–1997.**

United States Court of Appeals, Second Circuit.

Jan. 21, 2005.

Devon Virgo, Estill, SC, for Appellant, pro se.

Paul Kaufman, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellees, of counsel.

Present: KEARSE, CABRANES, Circuit Judges, and KORMAN, District Judge.*

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff Devon Virgo appeals a judgment of the District Court denying him recovery of the more than twenty-six thousand dollars seized from him by federal agents when he was arrested on drug-related charges in 2001.

Virgo first filed a complaint in 2001 seeking recovery of the money seized from him during his arrest. The Government moved to dismiss Virgo's complaint on the basis that he had already administratively forfeited the money. Magistrate Judge Lois Bloom recommended to the District Court that the Government's motion be granted. In a judgment entered June 2, 2003, the District Court accepted the recommendation of the magistrate judge and dismissed Virgo's complaint.[1]

In February 2004, approximately eight months after the June 2, 2003, judgment that had not been appealed, Virgo again sought to recover the money at issue, this time by filing a motion "for return of property," that Virgo asserted was filed pursuant to FED. R.CRIM. P. 41(e).[2] The District Court denied Virgo's motion in an order entered March 22, 2004, presumably on the basis of *res judicata,* explaining that the money at issue had been the subject of a previous action that had been litigated to closure.

### I. Appealing the June 2, 2003, Judgment

■ Virgo filed a notice of appeal that was received by the District Court on April 5, 2004—approximately three hundred days after the June 2003 judgment was entered. If we interpret this appeal to pertain to the June 2, 2003, judgment, then the appeal must be dismissed as untimely. *See* FED. R.APP. P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). We would lack subject matter jurisdiction to consider an appeal that is untimely under Rule 4(a). *See Cohen v. Empire Blue Cross & Blue Shield,* 176 F.3d 35, 40 (2d Cir.1999) ("[I]f a notice of appeal is filed beyond the period allowed by [Rule 4(a)], the court of appeals lacks subject matter jurisdiction to hear the appeal."); *id.* (stating that the filing deadlines of Rule 4(a) are " 'mandatory and jurisdictional' " and noting the "jurisdictional rigidity of the appeal deadlines").

Assuming *arguendo* that this is an appeal of the judgment entered on June 2, 2003, the appeal of that judgment is dismissed for lack of subject matter jurisdiction.

### II. Appealing the March 22, 2004, Judgment

■ In the alternative, we may assume that this is an appeal of the District Court's March 22, 2004, order denying (on *res judicata,* or "claim preclusion," grounds) Virgo's February 2004 motion to recover the money seized from him in 2001. In that event, the appeal is timely, and we may review the District Court's judgment *de novo. See, e.g., Perez v. Danbury Hosp.,* 347 F.3d 419, 426 (2d Cir. 2003).

---

1. We do not review the administrative-forfeiture basis for the June 2003 dismissal of Virgo's claims, as it is immaterial to the disposition of this appeal.

2. We assume that Virgo intended to make his motion pursuant to FED. R.CRIM. P. 41(g), entitled "Motion to Return Property," and not Rule 41(e).

Our *de novo* review indicates that the District Court did not err in denying Virgo's Rule 41 motion; the doctrine of *res judicata* precludes Virgo's February 2004 motion. In his motion, Virgo sought the same recovery—(1) the same funds, (2) from the same party, (3) based on allegations arising from the same facts—as he had in the suit that was dismissed on the merits pursuant to the District Court's judgment of June 2, 2003. We acknowledge that Virgo changed his legal argument between the 2001 suit and the 2004 motion—in the former, Virgo claimed that he had received inadequate notice of seizure; in the latter, he argued that the seizure was invalid on criminal procedure grounds. But it is clear that Virgo's 2004 claims for the same funds from the same federal agency "were or could have been raised" in the complaint he filed in 2001. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (final judgment on the merits of an action precludes parties from relitigating issues that were, or could have been, decided in a previous action). Accordingly, we hold that the District Court correctly denied Virgo's February 2004 motion.

We have considered all of Virgo's contentions challenging the March 22, 2004, judgment, and we conclude that they are without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**